Filed 8/30/16  P. v. Gagush CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C079825 |
| v. | (Super. Ct. No. CM042617) |
| CHRISTOPHER WALTER GAUGUSH, | |
| Defendant and Appellant. | |

Defendant Christopher Walter Gaugush pleaded no contest to possession of a controlled substance in jail.  The trial court sentenced him to the upper term of four years in prison.  Defendant now contends the trial court abused its discretion in imposing the upper term because it failed to consider numerous mitigating factors.  Finding no merit in defendant's arguments, we will affirm the judgment.

BACKGROUND

During a jail contraband search, jail officials found defendant in possession of tramadol pills, marijuana and tobacco.  Defendant initially lied about how he obtained the items but eventually admitted bringing the contraband into jail with him when he was

1

booked two days earlier.  He ultimately pleaded no contest to possessing a controlled substance in jail (Pen. Code, § 4573.6, subd. (a)) in exchange for the dismissal with a *Harvey*[1] waiver of prior prison term allegations.

Defendant represented himself at sentencing.  The trial court noted it had considered "quite a bit of material," including the probation report, a letter from defendant, and a letter written in support of defendant.  The trial court explained it was inclined to follow probation's recommendation and impose the upper term.

Defendant argued for the middle term, explaining his father was ill and he wished to return to him as soon as possible.  Defendant also said he suffered from a drug addiction and he had enrolled at Butte College.  He attributed his parole violations to Proposition 83.  As to his current offense, he explained he had in fact agreed to hold the drugs for someone else, but added:  "I totally take my responsibility in the matter."

The prosecutor pointed out that although defendant now claimed he held the drugs for someone else, he previously admitted bringing the drugs with him into jail.  The prosecutor said that since the 1990's there was no time when defendant has not been on probation or in custody, describing him as an "untreated sex offender" who was "at high risk of reoffense."

Defendant responded that it had been 12 years since his sex offense.

The trial court imposed the upper term of four years, noting defendant's record indicated a pattern of regular criminal conduct.  The trial court said it appreciated defendant's comments but the following factors warranted imposing the upper term: "Your prior convictions as an adult and sustained petitions in juvenile delinquency are numerous; you have served two prior prison terms; you were on parole when this crime

---

[1]  See *People v. Harvey* (1979) 25 Cal.3d 754.

was committed; and your prior performance on probation and parole was unsatisfactory." The trial court added: "No factors in mitigation are noted."

DISCUSSION

Defendant contends the trial court abused its discretion in imposing the upper term because it failed to consider numerous mitigating factors, namely (1) that when jail officials found him with contraband, defendant immediately admitted possessing it and bringing it into jail; (2) he pled no contest early in the proceeding, three weeks after his arrest; (3) he has struggled with addiction his whole life and would benefit from extensive rehabilitation rather than prison; (4) his current crime was victimless; (5) his father was ill; (6) defendant was homeless; (7) he had enrolled at Butte College; and (8) an officer who contributed a comment to the probation report noted that while defendant had originally been untruthful, he ultimately acknowledged fault and expressed remorse for bringing contraband into jail.

The People respond that defendant has forfeited his contention by failing to assert it in the trial court and by failing to object when the trial court said there were no mitigating factors. We will address the merits and conclude the trial court did not abuse its discretion.

A trial court's decision to impose the upper term is subject to review for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) An upper term may be based on "any aggravating circumstance" the court deems significant or any other circumstance, even if not enumerated in California Rules of Court, rule 4.421, so long as it is " 'reasonably related to the decision being made.' " (*Sandoval,* at p. 848, quoting Cal. Rules of Court, rule 4.408(a).) A court abuses its discretion if it relies on circumstances not relevant to the decision or that "constitute an improper basis for decision." (*Sandoval,* at p. 847.)

A challenge to the sentence must show the decision was irrational or arbitrary. (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978; accord, *People v.*

3

*Lai* (2006) 138 Cal.App.4th 1227, 1258-1259.) Absent such a showing, " 'the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " (*Alvarez,* at pp. 977-978.)

Here, the trial court relied on multiple aggravating factors in imposing the upper term: defendant's numerous prior convictions and sustained juvenile delinquency petitions, his two prior prison terms, his parole status when committing the current crime, and his unsatisfactory probation and parole performance. These factors supported the upper term. (See *People v. Black* (2007) 41 Cal.4th 799, 815 [the presence of one aggravating circumstance permits a trial court to impose an upper term].)

Regarding the trial court's statement that there were no mitigating factors, the "trial court may 'minimize or even entirely disregard mitigating factors without stating its reasons.' " (*People v. Lai, supra*, 138 Cal.App.4th at p. 1258, quoting *People v. Salazar* (1983) 144 Cal.App.3d 799, 813.) Here, there were possible reasons for the trial court to minimize or disregard the information asserted by defendant. Defendant claims to have immediately acknowledged wrongdoing, but he initially lied to jail officials. He eventually admitted bringing the drugs into jail, but then at sentencing maintained that he held the drugs for someone else. The trial court could also decline to accept defendant's characterization of drug possession in jail as a victimless crime, or it could conclude that the lack of a victim simply meant the absence of an additional aggravating factor rather than a factor in mitigation. Similarly, the trial court could have concluded that defendant's ill father, his homelessness and his enrollment in college did not lessen defendant's culpability. (Compare Cal. Rules of Court, rule 4.423 [factors in mitigation include: playing a passive or minor role in the crime; the crime was committed under great provocation; defendant was coerced; defendant exercised caution to avoid harm to others; defendant was motivated by a desire to provide for his family or self].)

4

In any event, the record shows the trial court considered "quite a bit of material," including the probation report, a letter from defendant, and a letter written in support of defendant. The trial court also heard (and said it appreciated) defendant's verbal comments at the hearing.

The factors in aggravation support the upper term and none of defendant's proffered mitigating factors render the imposition of the upper term irrational or arbitrary. The trial court did not abuse its discretion.

## DISPOSITION

The judgment is affirmed.

    /S/
MAURO, J.

We concur:


   /S/
HULL, Acting P. J.


   /S/
MURRAY, J.